UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

MEE WAH CHAN; WEI-JN HUANG,

                    Plaintiffs,

              -against-
YUI CHAN CHOI; 43-22 ROBINSON
REALTY, LLC. JOHN DOES 1-99,

                    Defendants.
----------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
12 CV 1844 (CBA)

AMON, Chief United States District Judge.

      Plaintiffs, appearing *pro se,* filed the instant fee paid action on April 16, 2012. For the reasons discussed below, the Court dismisses the complaint.

### Background

      Plaintiffs are the owners of a residence located at 142-17 Cherry Avenue in Queens, New York. (Compl at ¶ 1.) Defendants Choi and Robinson Realty, LLC., are the owners of an adjacent property located at 142-15 Cherry Avenue. (Compl. at 1, ¶¶ 3-5.) The parties share a driveway, over which plaintiffs state that they have an easement. (Compl. at 2, ¶¶ 1-2.) Plaintiffs allege that defendants plan to build "with cantilever over the driveway and it will build all the way up to 6 floors, which will block all plaintiffs' windows and seal off all the solar easement right . . . and damg[e] plaintiffs' driving easement right. . . .." (Compl. at 2-3, ¶¶ 4-6.) Plaintiffs further allege that plaintiff Huang will be adversely affected by the construction as he is disabled from a stroke and uses the driveway to access his car. (Compl. at 2, ¶ 3.) Plaintiffs seek monetary damages and injunctive relief.

## Discussion

Plaintiffs' cause of action is remarkably similar to a complaint concerning the same properties that plaintiffs filed in March 2008 against different defendants. This Court dismissed that action for lack of subject matter jurisdiction, finding that "[a]t the core of plaintiffs' complaint are property and tort law disputes over their easement, which are not sufficient to establish federal question jurisdiction." See Chan v. Nashty, No. 08 CV 1089, slip op. at 7 (E.D.N.Y. July 31, 2009). The Second Circuit affirmed the decision by Summary Order dated October 4, 2010. See Chan v. Nashty, No. 09-3687-cv, 394 Fed. App'x 832 (2d Cir. 2010). It appears that the defendants named in this action purchased the 142-15 Cherry Avenue property in 2010, and are continuing with the development plans that plaintiffs believe are in violation of their easement. (Compl. at 2, ¶ 4.) Similar to the prior action, the instant complaint purports to invoke several federal statutes, including various provisions of the Fair Housing Act and the Americans with Disabilities Act, without articulating a proper basis for such federal claims. Rather, the action is unquestionably based in state property and tort law, and the instant complaint is simply a futile attempt to re-assert federal legal theories that have already been squarely rejected by this Court.

Moreover, to the extent that plaintiffs have attempted to state a claim under an additional federal statute, 42 U.S.C. § 1982, any such claim must similarly fail. Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." That provision "has been interpreted to prohibit 'intentional discrimination based on race.'" Sanders v. Grenadier Realty, Inc., 367 Fed. App'x 173, 174 (2d Cir. 2010)

(quoting Shaare Tefila Congregation v. Cobb, 481 U.S. 615, 617 (1987)). There are no facts alleged in the complaint to suggest any race-based discrimination on the part of the defendants.

Accordingly, for the reasons set forth in the Court's prior order dismissing plaintiffs' first action, the plaintiff's claims are dismissed *sua sponte* for lack of subject matter jurisdiction. Moreover, the Court concludes that a *sua sponte* dismissal is appropriate on the additional grounds that the plaintiffs' attempt to resubmit claims previously decided is frivolous. See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362 (2d Cir. 2000) (affirming *sua sponte* dismissal of the plaintiff's fee paid action alleging the same claims that were previously dismissed by the district court).

## Conclusion

The complaint is hereby dismissed for lack of subject matter jurisdiction and as frivolous. Although plaintiffs have paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Amon/
CAROL B. AMON
Chief United States District Judge

Dated: Brooklyn, New York
May 3, 2012

3